# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

Nº 09-CV-2825 (JFB)

---

ALFREDO RODRIGUEZ,

Petitioner,

VERSUS

SIBATU KHAHAIFA,

Respondent.

---

**MEMORANDUM AND ORDER**
October 1, 2010

---

JOSEPH F. BIANCO, District Judge:

Alfredo Rodriguez (hereinafter "Rodriguez" or "petitioner") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his conviction for one count of Criminal Sale of a Controlled Substance in the Fifth Degree. Rodriguez challenges his conviction on the following grounds: (1) he did not properly waive his right to indictment, nor did he consent to be prosecuted by a Superior Court Information; and (2) as a result, his guilty plea was improperly taken. Sibatu Khahaifa (hereinafter "respondent") moves to dismiss the petition as untimely.[1]

For the reasons set forth below, the respondent's motion to dismiss is granted and the petition is dismissed. Specifically, the conviction under attack became final on January 22, 1993, and the present petition was filed on June 1, 2009. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition must be filed no later than one year following the date a conviction becomes final. As the present petition was filed more than sixteen years after the conviction became final (and twelve years after AEDPA's one-year grace period),

---

[1] Respondent initially challenged the petition on the ground that petitioner was no longer "in custody" for the purposes of challenging his conviction by writ of habeas corpus. However, by letter dated September 28, 2010, respondent withdrew this ground, and acknowledged that due to revocation of petitioner's parole on the instant conviction by notice of final declaration of delinquency dated September 12, 2000, petitioner was still "in custody" for purposes of this petition.

it is untimely. Accordingly, the petition must be dismissed as untimely.

## I. Background

On November 28, 1992, petitioner was arrested for the sale of heroin to an undercover New York City police officer. He was charged by a felony complaint under docket number 92K059113, with one count of Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.30[1]), two counts of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16[1]), two counts of Criminal Possession of a Controlled Substance in the Seventh Degree (N.Y. Penal Law § 220.03), and one count of Criminal Possession of a Hypodermic Instrument (N.Y. Penal Law § 220.45).

On November 29, 1992, Rodriguez was arraigned in the Criminal Court of the City of New York, Kings County. The state presented Rodriguez's case to a grand jury, and on December 3, 1992, the grand jury voted to indict Rodriguez. However, this indictment was never filed.

On December 4, 1992, the state filed a Superior Court Information Number 13943/92, which charged Rodriguez with Criminal Sale of a Controlled Substance in the Fifth Degree (N.Y. Penal Law § 220.31). On the same day, Rodriguez pled guilty to one count of Criminal Sale of a Controlled Substance in the Fifth Degree in full satisfaction of the Superior Court Information. During the plea, petitioner waived his right to prosecution by indictment and his right to appeal from his judgment of conviction. The court approved Rodriguez's plea and waivers.

On December 23, 1992, Rodriguez was sentenced in accordance with the terms of the plea agreement to an indeterminate prison term of two to four years. Petitioner did not file a direct appeal and was released on parole on November 28, 1994.

On or about March 12, 1998, petitioner was arrested in Lindenhurst, Suffolk County, New York. Petitioner was charged under Suffolk County Indictment Number 668/98. Petitioner pled guilty on August 26, 1999 to one count of Attempted Burglary in the Second Degree (N.Y. Penal Law §§ 110.00/140/25[2]) in full satisfaction of the indictment. After a hearing on petitioner's status as a persistent violent felony offender, the court allowed petitioner to replead to two counts of Burglary in the Second Degree in connection with this Suffolk County case. The state and petitioner appear to have litigated petitioner's case until March 14, 2006, when the Appellate Division, Second Department, vacated petitioner's 1999 plea and reinstated petitioner's plea to two counts of second-degree burglary. *See People v. Rodriguez*, 811 N.Y.S.2d 752 (App. Div. 2006). On August 9, 2006, petitioner was re-sentenced, as a persistent violent felony offender, to concurrent prison terms of twelve years to life. The procedural history of that conviction is detailed, at length, in this Court's opinion on petitioner's habeas petition relating to that conviction. *See Rodriguez v. Conway*, No. 06-CV-6358, 2010 WL 92911 (E.D.N.Y. Jan. 6, 2010). Petitioner is presently incarcerated pursuant to his Suffolk County judgment of conviction, not the Kings County conviction that is the subject of the instant habeas petition.

On September 12, 2000, the Division of Parole issued a Final Declaration of Delinquency, revoking petitioner's parole on

the instant case. Specifically, they added nine months and eleven days to his current sentence as unexpired time owed for violating parole on the conviction under attack. The delinquency was dated to September 6, 2000.

Petitioner moved, by *pro se* papers on January 23, 2008, to vacate his Kings County judgment of conviction pursuant to New York Criminal Procedure Law § 440.10. He claimed that the court infringed upon his constitutional rights because he was not indicted by grand jury; the court improperly approved his waiver of indictment; and that his guilty plea should be vacated. On April 16, 2008, the Supreme Court, Kings County, summarily denied petitioner's motion on the grounds that petitioner's claims were procedurally barred from review and without factual support. *People v. Rodriguez*, No. 13943-1992, slip op. at 1-2 (Sup. Ct., Kings County Apr. 15, 2008). Petitioner applied for permission to appeal to the Appellate Division, Second Department from the Supreme Court's decision. On June 5, 2008, the Appellate Division denied petitioner's application for leave to appeal.

On June 3, 2009, *pro se* petitioner filed the instant application before this Court for a writ of habeas corpus. In his present petition, petitioner claims that he should have been prosecuted by indictment, and not by a superior court information. Petitioner contends that this alleged error violated his rights under the Sixth and Fourteenth Amendments to the Federal Constitution. He also alleges that his guilty plea was improperly taken.

On August 31, 2009, petitioner requested that this Court issue a stay and hold his petition in abeyance, pending the adjudication of a motion for an extension of time to take an

appeal before the Appellate Division and a C.P.L. § 440.10 motion in New York State Supreme Court. By Order dated September 8, 2009, this Court ordered that respondent indicate whether he had any objections to petitioner's request for a stay. On September 17, 2009, respondent filed opposition to the petition for a writ of habeas corpus. By letter dated October 2, 2009, respondent submitted opposition to petitioner's request for a stay and abeyance. Specifically, respondent argued that petitioner had not demonstrated good cause for his failure to exhaust his claims in state court prior to filing his habeas petition and that petitioner had not demonstrated that his claims were not plainly meritless. On October 13, 2009, petitioner filed his reply to the respondent's opposition. On May 4, 2010, this Court concluded that petitioner had not met either of the conditions for stay and abeyance that were articulated in *Rhines v. Weber*, 544 U.S. 269 (2005), for the reasons articulated in respondent's letter dated October 2, 2009. The Court thus denied petitioner's motion for a stay and abeyance and ordered petitioner to submit any further replies to respondent's opposition by June 1, 2010. Petitioner did not submit any additional response. The Court has fully considered all the submissions of the parties.

III. DISCUSSION

Respondent seeks to dismiss the instant habeas corpus petition because petitioner failed to file his petition for habeas corpus within the applicable statute of limitations provided by 28 U.S.C. §2244(d)(1). For the reasons set forth below, this Court concludes that Rodriguez's petition is untimely under Section 2244(d), and there is no basis for equitable tolling of the statute of limitations.

## A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of:

> (A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that a state court application or motion for collateral relief is "'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Gant v. Goord*, 430 F. Supp. 2d 135, 138 (W.D.N.Y. 2006).

When a defendant does not appeal from the judgment of conviction, the judgment of conviction becomes final thirty days after the date that the defendant is sentenced, when the defendant's time for filing a notice of appeal under New York State law expires. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); *Whaley v. Graham*, No. 06-CV-3021 (JFB), 2007 WL 708796, at *3 (E.D.N.Y. Mar. 6, 2007) ("New York State law required petitioner to take an appeal of the judgment of conviction within thirty days of that judgment . . . ."); *see also* N.Y. Crim. Proc. Law § 460.10(1)(a).

In the instant case, because subsections (B) through (D) of Section 2244(d)(1) are inapplicable, the statute of limitations began to run on the date petitioner's conviction became final, pursuant to Section 2244(d)(1)(A). On December 23, 1992, petitioner pled guilty to one count of Criminal Sale of a Controlled Substance in the Fifth Degree and was sentenced on December 23, 1992 by the Supreme Court of the State of New York, Kings County, to an indeterminate prison term of two to four years. Petitioner did not file a direct appeal from his conviction. Therefore, his time for filing a notice of appeal expired on January 22, 1993, at which time his conviction became final.

The Court notes, however, that under Second Circuit case law, when AEDPA was enacted in 1996, petitioner was entitled to file his federal petition for habeas corpus within a one-year grace period from the Act's effective date, April 24, 1996. *See Ross v. Artuz*, 150 F.3d 97, 102-03 (2d Cir. 1998). Petitioner's habeas filing deadline was thus extended until April 24, 1997, unless some portion of the one-year grace period was subject to tolling.

Petitioner points to no events that would entitle him to tolling during the April 1996 to April 1997 period. Rather, petitioner points to his motion for collateral relief in 2008. On January 23, 2008, the petitioner moved in New York Supreme Court to vacate his conviction under New York Criminal Procedure Law § 440.10 for improper prosecution pursuant to superior court information and failure to be released in 1992 under New York Criminal Procedure Law § 180.80. On April 18, 2008, the New York Supreme Court summarily denied petitioner's motion on the grounds that petitioner's claims were procedurally barred from review and without factual support. Petitioner applied for permission to appeal to the Appellate Division, Second Department and on June 5, 2008, the Appellate Division denied leave to appeal.

Petitioner filed his current petition no earlier than June 1, 2009, the date he signed his habeas petition. *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir.). The time that elapsed from the commencement of the limitations period on January 22, 1993 to the filing of the petition on June 1, 2009 was approximately sixteen years and five months, or 5,974 days.

Under AEDPA, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see Duncan v. Walker*, 533 U.S. 167 (2001). Petitioner filed a motion to vacate his judgment of conviction on or about January 23, 2008. The litigation on that motion was concluded on June 5, 2008, when a justice of the Appellate Division denied defendant permission to appeal from the order denying that motion. As a result, AEDPA's one-year statute of limitations was tolled during the 134 days from January 23 to June 5, 2008. *See Carey v. Saffold*, 536 U.S. 214 (2002). Petitioner is entitled to have these 134 days subtracted from the total time that elapsed. However, "state-court applications for collateral relief do not 'restart' the AEDPA limitations period." *Bethea*, 293 F.3d at 578. Thus, Rodriguez's petition is well outside the statute of limitations for filing a habeas conviction based on petitioner's conviction in the instant case. Even tolling the period during which petitioner sought collateral relief on his conviction, Rodriguez's petition is still well over eleven years after the April 24, 1997 grace-period filing deadline.[2] In fact, at the time petitioner filed his post-conviction motion in 2008, his limitations period had already expired over ten years earlier. Consequently, the total time chargeable against the limitations period far exceeds the

---

[2] The Court notes that, even applying equitable tolling from September 12, 2000, the date on which the Division of Parole issued a Final Declaration of Delinquency, revoking petitioner's parole on the instant conviction, the petition is still untimely.

time limit of 365 days. Accordingly, the Court concludes that this petition is untimely.

## B. Tolling of the Statute of Limitations

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time;" and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted). The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

In the instant case, petitioner has failed to demonstrate that "extraordinary circumstances" prevented him from properly filing his habeas corpus petition in a timely fashion. While the Court notes that the petitioner did make efforts to obtain certain court records, "[e]ven if [petitioner] did not have all the necessary materials or experienced a delay in obtaining them, those are not extraordinary circumstances warranting equitable tolling. Moreover, even if the delays in receiving what documents he believed necessary could be considered extraordinary, [petitioner] has not shown that he made an effort to file his petition without them . . . ." *Padilla v. United States*, Nos. 02 Civ. 1132(CSH), 94 CR. 313(CSH), 2002 WL 31571733, at *4 (S.D.N.Y. Nov. 19, 2002); *see also Davis v. McCoy*, No. 00 CIV. 1681

(NRB), 2000 WL 973752, at *2 (S.D.N.Y. July 14, 2002) (petitioner's lack of access to necessary court papers for two years did not constitute an extraordinary circumstances); *Fadayiro v. United States*, 30 F. Supp. 2d 772, 779 (D.N.J. 1998) (inability to obtain transcripts and other records needed for habeas petition did not rise to the level of "extraordinary circumstances" so as to justify equitable tolling). Therefore, under the circumstances of this case, petitioner's efforts to obtain the records required to attack the judgment of the trial court does not provide a basis for equitable tolling in this case, especially given the substantial number of years of delay involved in this case.

Moreover, a prisoner's *pro se* status or lack of legal knowledge or assistance does not entitle him to equitable tolling. *See, e.g.*, *Smith*, 208 F.3d at 18 (holding that petitioner's *pro se* status does not warrant equitable tolling); *Romero v. Ercole*, No. 08-CV-4983 (RRM), 2009 WL 1181260, at *5 (E.D.N.Y. Apr. 30, 2009) (holding that "neither [petitioner's] lack of legal assistance nor his own lack of legal knowledge provides a basis for equitably tolling the statute of limitations"); *Ayala v. Miller*, No. 03-CV-3289 (JG), 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's *pro se* status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations." (citations omitted)); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) ("[L]ack of legal knowledge cannot excuse a delay in filing a petition."); *Brown v. Superintendent, Elmira Corr. Facility*, No. 97-Civ. 3303 (MBM), 1998 WL 75686, at *4 (S.D.N.Y. Feb. 23, 1998) ("[A] self-serving statement that the litigant is ignorant of the law is not grounds for equitable tolling of a statute of limitations."); *see also Turner v. Johnson*, 177

F.3d 390, 392 (5th Cir. 1999) (holding that petitioner's unfamiliarity with the legal system or lack of representation does not warrant equitable tolling).

In short, petitioner has not presented any grounds that warrant equitable tolling. Nor has petitioner made a claim or showing of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was in error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis). Accordingly, the petition is dismissed as time-barred.[3]

## IV. CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is dismissed as time barred. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: October 1, 2010
Central Islip, NY

* * *

Petitioner is proceeding *pro se*. Respondent is represented by Charles J. Hynes, District Attorney, Kings County, by Judith Aarons, Office of the District Attorney, Kings County, Renaissance Plaza at 350 Jay Street, Brooklyn, NY 11201.

---

[3] In the alternative, even if Rodriguez's petition was timely, it would be procedurally barred. In this case, the state trial court rejected petitioner's claim regarding his prosecution by a superior court information (and his subsequent guilty plea) on the basis of an independent and adequate state ground—namely, that his claim was procedurally barred by New York Criminal Procedure Law § 440.10(2)(c).